IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN CARTER | * | |
| | * | Civil Action No. CCB-20-1812 |
| v. | * | |
| | * | |
| JEFFREY H. PERREAULT | * | |

**MEMORANDUM**

On October 31, 2016, plaintiff Kevin Carter was injured when the vehicle he was driving allegedly was struck in the rear by a vehicle driven by defendant Jeffrey H. Perreault. According to Carter, the collision was caused by the negligence of Perreault. On February 11, 2020, Carter, a citizen of Maryland, sued Perreault, a citizen of Virginia, in the Circuit Court for Baltimore City. The case was removed to this court on the basis of diversity jurisdiction on June 12, 2020.

Now pending is Perreault's motion to dismiss (ECF 3), contending that the case is barred by Maryland's three-year statute of limitations. While the statute of limitations is an affirmative defense, it may be raised on a Rule 12(b)(6) motion where the allegations on the face of the complaint show that recovery is barred. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). In opposition to the motion, Carter relies on the two-month tolling provision under the Maryland Workers Compensation Act. *See* Md. Code Ann., Labor & Emp., § 9-902(d) ("The period of limitations for the right of action of a covered employee . . . against the third party does not begin to run until 2 months after the first award of compensation made to the covered employee[.]"). Assuming this provision is applicable in this case, it would at most extend the expiration of the limitations period from October 31, 2019, to December 31, 2019, but the complaint was not filed until February 11, 2020. *See Locklear v. Bergman & Beving AB*, 224 F.R.D. 377, 379 n.2 (D. Md. 2004) (noting that § 9-902(d) "does not postpone the accrual of an

1

injured employee's cause of action . . . but, rather, merely interrupts the running of limitations for a period of two months after his first award."), *aff'd*, 457 F.3d 363 (4th Cir. 2006), *cert denied*, 549 U.S. 1208 (2007); *see also Smith v. Bethlehem Steel Corp.*, 303 Md. 213, 229–30 (1985) (same).  Accordingly, the complaint is untimely and must be dismissed.  Certification of this question to the Maryland Court of Appeals is not warranted.

      A separate Order follows.

|   |   |
|---|---|
|   11/4/20 | /S/ |
| Date | Catherine C. Blake |
|   | United States District Judge |